IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Christopher Lane,<br><br>Plaintiff,<br><br>v.<br><br>(Unknown) Kendal, *Warden*; (Unknown) Bowman, *Dentist*; Amanda Medford; (Unknown) Buelner; Felicia Mckie; William Bright Harp, *A/W*,<br><br>Defendants. | Case No. 0:25-cv-09746-JDA<br><br>**OPINION AND ORDER** |

This matter is before the Court on Plaintiff's Amended Complaint and a Report and Recommendation ("Report") of the Magistrate Judge. [Docs. 20; 25.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings. For the reasons stated herein, the Court rejects the Report and recommits the matter to the Magistrate Judge for further proceedings.

## BACKGROUND

Plaintiff, a self-represented state prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983. On October 15, 2025, the Clerk docketed Plaintiff's Amended Complaint, which lodges claims against Defendants for deliberate indifference to serious medical needs and denial of access to the courts. [Doc. 20.] Specifically, Plaintiff alleges that a maxillofacial surgeon examined Plaintiff's jaw in November of 2024 and scheduled

Plaintiff for a 30-day return visit. [*Id.* at 9.] However, Defendants Kendal, Brightharp,* Medford, and Bowman cancelled Plaintiff's return appointment, then "rescheduled and cancelled 4 times after that." [*Id.*] Plaintiff alleges that these Defendants are intentionally denying him dental treatment, resulting in pain and suffering. [*Id.*] In addition, Plaintiff alleges that Defendants Buelner and Mckie have denied him access to the courts by "preventing [him] from being able to exhaust administrative remedies." [*Id.*] In particular, he alleges that these Defendants have failed to process his grievances, returned his grievances with boilerplate responses, or delayed their responses to hinder Plaintiff from filing an appeal. [*Id.*] Plaintiff seeks monetary damages. [*Id.* at 10.]

On October 22, 2025, the Magistrate Judge issued a Report recommending that the Amended Complaint be dismissed without prejudice and without issuance and service of process. [Doc. 25.] Regarding Plaintiff's deliberate indifference claim, the Report concluded that Plaintiff raised the same issues in a motion to set aside the settlement agreement in *Lane v. Palmer*, No. 0-23-cv-01284-JDA ("*Palmer*") and is thus barred from re-litigating those issues in the present case. [*Id.* at 4–5.] Regarding Plaintiff's access to the courts claim, the Report concluded that "Plaintiff provid[ed] only conclusory allegations that he has been denied the ability to exhaust administrative remedies without further explanation or reference to a specific claim that he has been prevented from raising and discussion of the merits of that claim." [*Id.* at 6.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id*. at 7.]

* Plaintiff identifies this Defendant as Bright Harp in the caption of the Amended Complaint and Brightharp in the body of the Amended Complaint. [Doc. 20 at 4, 9.]

The Clerk docketed Plaintiff's objections to the Report on December 10, 2025. [Doc. 40.] Regarding his deliberate indifference claim, Plaintiff argues that "[his] claim is not based on a breach of settlement in a prior case and isn't related to it." [*Id.* at 1.] Regarding his access to the courts claim, Plaintiff attaches "a few [g]rievances to show [the Court] the underlying claims." [*Id.* at 2; *see also* Doc. 40-1.]

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## **ANALYSIS**

Regarding Plaintiff's deliberate indifference claim, the Court has reviewed the parties' release, Plaintiff's motions to set aside the settlement agreement, and the Court's Order denying Plaintiff's motions to set aside the settlement agreement in *Palmer,* No. 0-

23-cv-01284-JDA, ECF Nos. 133; 134-1; 139; 143. The release discharges the South Carolina Department of Corrections, John Palmer, Stanley Terry, Patricia Moss, the South Carolina Insurance Reserve Fund, and the State Fiscal Accountability Authority of and from any and all claims arising out of the incarceration of Christopher Lane for any matters or incidents that occurred prior to September 24, 2024, in exchange for—among other things—"initiat[ing] a medical review of Christopher Lane's jaw." *Palmer,* No. 0-23-cv-01284-JDA, ECF No. 134-1 at 1. In his motions to set aside the settlement agreement, Plaintiff argued that he was deliberately denied dental care because his scheduled visit with a surgeon was rescheduled several times, and he asked the Court to "get[] [the defendants] to honor their end of the bargain by fixing [his] mouth." *Palmer,* No. 0-23-cv-01284-JDA, ECF No. 139 at 2; *see also Palmer,* No. 0-23-cv-01284-JDA, ECF No. 133 at 2–3. The Court denied Plaintiff's motions, concluding: "The release executed by Plaintiff states that a medical review of his jaw would be *initiated* as consideration for his release of the claims against Defendants. Plaintiff does not argue that Defendants failed to comply with that portion of the settlement agreement." *Palmer,* No. 0-23-cv-01284-JDA, ECF No. 143 at 4 (record citation omitted) (emphasis added).

Based upon the foregoing facts, the Court concludes that the settlement agreement in *Palmer* addressed only the *initiation* of medical review. As such, Plaintiff's present claims regarding treatment delays arising after Plaintiff's initial consultation with the maxillofacial surgeon are not plainly covered by the settlement agreement and could not be resolved by Plaintiff's motion to set aside the settlement agreement. Plaintiff alleges that the harm in the present case occurred from November 2024 to August 2025—that is, *after* September 2024, the date listed in the release. [Doc. 20]; *Palmer,* No. 0-23-

cv-01284-JDA, ECF No. 133. Accordingly, the Magistrate Judge's conclusion as to the preclusive effect of Plaintiff's prior motions to set aside the settlement agreement in *Palmer* was erroneous. The Court thus recommits Plaintiff's deliberate indifference claim to the Magistrate Judge for further consideration and review.

Regarding the access to the courts claim, Plaintiff attaches "a few [g]rievances to show [the Court] the underlying claims." [Doc. 40 at 2; *see also* Doc. 40-1.] Because Plaintiff has submitted new evidence, the Court also recommits this claim to Magistrate Judge for further consideration and review.

## CONCLUSION

The Court has conducted a de novo review of the Report, the record, and the applicable law. On such review, the Court rejects the Report [Doc. 25] and recommits the matter to the Magistrate Judge for further consideration and review of the Amended Complaint and Plaintiff's newly submitted grievances.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

October 9, 2026
Columbia, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.